## A. L. PRATSCHNER, AS ADMINISTRATOR OF THE ESTATE OF ELIZABETH PRATSCHNER, DECEASED v. ELECTRIC SHORT LINE RAILWAY COMPANY.[1]

July 8, 1921.

No. 22,381.

**Railway — accident at crossing — evidence not prejudicial.**

1. Testimony received over objections, bearing directly upon the proper method of operating an automobile over a crossing, *held* not reversible error, it not being prejudicial to the rights of the appellant.

**Charge to jury — assignments of error.**

2. Assignments of error as to isolated parts of the charge not well taken, the general charge being such as to fully and fairly submit all the issues to the jury.

Action transferred to the district court for McLeod county to recover $7,500 for the death of plaintiff's intestate. The case was tried before Tifft, J., who at the close of the testimony denied defendant's motion for a directed verdict on the ground that the testimony failed to show that the accident was due in any way to the negligence of the defendant, and a

[1]Reported in 184 N. W. 188.

jury which returned a verdict for $3,000. From an order denying its motion for a new trial, defendant appealed. Affirmed.

*George T. Simpson, John F. Dahl,* and *G. W. Brown,* for appellant.

*Samuel A. Anderson, Murray & Baker* and *L. D. Barnard,* for respondent.

QUINN, J.

This is an appeal from an order of the district court of McLeod county refusing a new trial. The action was brought to recover for the wrongful death of Elizabeth Pratschner, plaintiff's intestate, for the exclusive benefit of the next of kin of the deceased.

It is alleged in the amended complaint that defendant's line of railway near the village of Winsted intersected at right angles a north and south public highway; that on the nineteenth day of September, 1918, and for a considerable time immediately prior thereto, defendant kept and maintained its right of way at said highway crossing in a careless and negligent manner in this, that there was an abrupt drop of several inches from the planking of said crossing to the dirt grade on each side of the said main track and on each side of said side track; that while deceased was riding as a passenger in an automobile traveling in a southerly direction on said highway and crossing said railroad track, and while in the exercise of due care and without any negligence on her part, the defendant, well knowing the defective condition of said highway crossing, carelessly, negligently and without regard to the safety of travelers thereon, and without giving a sufficient signal, or keeping a proper lookout ahead, and without having a flagman stationed at said crossing to warn persons of the approach of cars, ran and propelled a certain electric passenger car at a high and dangerous rate of speed in an easterly direction over said highway, striking with great force the automobile in which decedent was riding, thereby throwing her from said automobile and causing her instant death. The answer denies negligence on the part of defendant and alleges that the decedent's death was the result of her own negligence. In appellant's brief are set forth 13 assignments of error, the first six of which go to the ruling of the court upon the admissibility of evidence. The other assignments relate to alleged errors in charging the jury.

The testimony discloses that there is a main line track and a side track about 10 feet apart at this crossing. There were planks between the rails of both tracks and a plank six inches wide and three inches thick on the outside of the four rails, all flush with the rails, but the plank north of the north side track rail and the one north of the north main track rail stood above the roadbed about two inches. The space between the two tracks sagged down a few inches. Deceased was coming from the north in a Ford coupe driven by her son. He also was killed in the collision. The electric car was approaching from the west. The weather was cold and there was a strong wind from the northwest. There is testimony tending to show that a Ford automobile, passing over this crossing at the rate of 10 to 12 miles per hour, would receive severe bumps, and that it would be compelled to slow down to about six miles per hour having in mind the safety of the car and passengers. At a point about 60 feet west of the highway was a large number of piles of ties ranging in height up to nine or ten tiers, tending to obstruct the view of a car approaching from that direction. There was also testimony tending to show that the whistle on this car was not easily heard, and that it was blown only at whistling posts. The automobile was struck broadside and was carried on the pilot of the electric car, dragging upon and somewhat splintering the ties for a distance of over 500 feet. The motorman testified that he was running the car about 18 to 20 miles per hour; that he applied the air brakes when he heard the crash; that he could not stop because there was oil on the rails; that the car had a speed of 50 miles per hour; that the brakes were in good order and that running 20 miles per hour on dry rails he could stop the car in 125 feet. The coupé was entirely inclosed, with glass doors and a glass shield. The sun was shining brightly in the west. There were three passengers on the electric car, all of whom testified that they observed the automobile through the windows, when it was some 800 feet north of the crossing.

The testimony received over appellant's objections bore directly upon the proper method of operating a Ford car over the crossing in its condition prior to the accident. The testimony was given by a witness accustomed to driving a Ford car over the crossing, and, while it was not elicited in the most formal manner, yet we see no prejudice to the rights of the defendant flowing therefrom. There was no prejudicial error in

the rulings. Seven assignments are urged to the charge. They are to isolated parts thereof. A reading of the entire charge as given, discloses that the issues were fully and fairly submitted to the jury and that there was no error on the part of the trial court in refusing a new trial. The court informed the jury as to the requirements of the statute with reference to such crossings and fairly submitted to it whether the crossing was in proper condition.

Affirmed.